E. H. EASLEY INSURANCE AGENCY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10318. Promulgated February 23, 1928.

*E. H. Easley* for the petitioner.
*J. Arthur Adams, Esq.,* for the respondent.

SIEFKIN: This is a proceeding for the redetermination of deficiencies in income and profits taxes for the years 1919 and 1920 in the amounts of $624.74 and $1,865.63, respectively. The deficiencies resulted from the determination of the respondent that the petitioner, during the years 1919 and 1920, was not a personal service corporation within the meaning of section 200 of the Revenue Act of 1918.

E. H. Easley was in the insurance agency business for a number of years prior to 1910, and in that year he incorporated his business with a total par value capital stock of $25,000. At that time he sold to the corporation his interest in the expirations of insurance written by him as an individual for $15,000 par value of the total capital stock. Subsequently he bought another agency and surrendered $5,000 of the $15,000 previously received. The remainder of the stock was sold for cash.

During the years 1919 and 1920 the names of petitioner's stockholders and the number of shares held by each were as follows:

| Name | Number of shares | Name | Number of shares |
|---|---|---|---|
| E. H. Easley | 80 | Dr. B. S. Clements | 5 |
| L. G. Toney | 22 | Charles Budnick | 5 |
| R. B. Parrish | 10 | W. W. Hughes | 5 |
| William Leckie estate | 10 | Dr. R. K. Bragonier | 5 |
| Harry Totz | 10 | L. A. Dunn | 5 |
| D. M. Easley | 6 | R. C. Berry | 5 |
| W. J. Pritchard | 5 | A. W. Alden | 5 |
| L. E. Tierney | 5 | S. L. Hermanson | 5 |
| L. H. Clark | 5 | H. Budnick | 5 |
| John A. Kelley | 5 | Perry S. Graham | 4 |
| F. T. Hutson | 5 | L. T. Sprinkle | 4 |
| Mrs. M. L. West | 5 | Mrs. C. P. Kent | 2 |
| A. Z. Litz | 5 | French & Easley | 1 |
| D. J. F. Strother | 5 | C. A. Pearson | 1 |
| R. R. Smith | 5 | | |
| M. W. Hutson | 5 | | 250 |
| A. M. Shelton | 5 | | |

At the close of 1919 the petitioner's balance sheet was as follows:

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on hand and in banks | $1,985.53 | Capital stock (common) | $25,000.00 |
| Accounts receivable | 30,925.65 | Notes payable (bank) | 17,891.35 |
| Office furniture | 1,925.45 | Accounts payable | 11,083.54 |
| Liberty bonds | 600.00 | Surplus and undivided profits | 6,461.74 |
| Value of agency | 25,000.00 | | |
| | 60,436.63 | | 60,436.63 |

The petitioner's balance sheet as of December 31, 1920, was as follows:

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on hand and in banks | $380.99 | Capital stock (common) | $25,000.00 |
| Accounts receivable | 51,209.90 | Notes payable (bank) | 14,582.38 |
| Office furniture | 1,834.15 | Accounts payable | 24,756.78 |
| Liberty bonds | 600.00 | Surplus and undivided profits | 14,685.88 |
| Value of agency | 25,000.00 | | |
| | 79,025.04 | | 79,025.04 |

The item of notes payable of $17,891.35, shown on the petitioner's balance sheet as of December 31, 1919, represented notes given to banks for money to carry the delinquent accounts of policyholders for whom the petitioner paid premiums to the insurance companies prior to the date of collection from the insured. The item of notes payable of $14,582.38 on the balance sheet as of December 31, 1920, represents similar transactions. It was necessary to the conduct of the petitioner's business to take notes from the assured for the premiums and borrow money from the bank on petitioner's own notes in order to pay the insurance company.

Only two of the stockholders of the petitioner shown on the above list of stockholders were regularly and actively engaged in the conduct of the petitioner's business. Those two were E. H. Easley, the president, and C. A. Pearson, the secretary. Together they held 81 shares of the 250 shares of stock outstanding.

Under the circumstances, we must hold that the petitioner was not entitled to classification as a personal service corporation as defined in section 200 of the Revenue Act of 1918, not only because capital was a material income producing factor, but also because its principal owners and stockholders were not themselves regularly engaged in the conduct of its business. See *Citizen's Underwriting Agency*, 2 B. T. A. 1116; *Agenzia Fugazi*, 3 B. T. A. 16; *American Central Fruit Auction Co.*, 3 B. T. A. 199; *Home Insurance Agency*, 5 B. T. A. 1020; *Madison* v. *Willcuts*, 12 Fed. (2d) 447.

*Judgment will be entered for the respondent.*